UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LOIS J. BROWN and<br>CHARLES H. BROWN,<br><br>      Plaintiffs,<br><br>      v.<br><br>ALLIANZ LIFE INSURANCE CO. OF<br>NORTH AMERICA,<br>MIDLAND NATIONAL LIFE<br>INSURANCE CO.,<br>OLD MUTUAL FINANCIAL LIFE<br>INSURANCE CO., and<br>MICHAEL L. SPICHIGER<br><br>      Defendants. | Case No. 1:10-CV-158 JVB |

**OPINION AND ORDER**

**A. Procedural History**

In this lawsuit, Plaintiffs Lois J. Brown and Charles H. Brown allege that Defendant Spichiger, a sales representative, defrauded them and breached his fiduciary duty. They claim he persuaded them to purchase unsuitable financial products from Defendants Allianz Life Insurance Company, Midland National Life Insurance Company, and Old Mutual Financial Life Insurance Company. Plaintiffs claim those companies also shared in the fraud and breach of fiduciary duty. Finally, they claim that all Defendants acted as unlicensed agents and investment advisors in violation of Indiana law.

Plaintiffs were members of previous class actions against Defendants Allianz and Old Mutual. Allianz litigated one of those class-action suits in Minnesota federal district court. In that case, the plaintiff class, which included the Browns, alleged that Allianz induced purchase of financial products through use of deceptive advertisements. Allianz won a jury verdict in that

case and incurred no liability. Old Mutual reached a settlement in the other class-action suit in the Central District of California on April 19, 2010. That settlement agreement released Old Mutual and its agents from all present and past claims, including those regarding advice given to induce purchase of Old Mutual products. About five months later, the Central District of California court specifically enjoined the Plaintiffs from their action here against Old Mutual and its agents. (DE 62 at 7.)

Plaintiffs now seek voluntary dismissal of Allianz and Old Mutual, and claims against Spichiger as far as they are enjoined by the Central District of California. Spichiger objects to dismissal of Allianz, contending that the dismissal should also include claims against him related to the sale of Allianz products. Spichiger argues that *res judicata* mandates dismissing such claims. Plaintiffs and Allianz replied to that objection. The Court finds that dismissal of Old Mutual and Allianz is proper.[1]

**B. Old Mutual's Settlement Agreement Bars Plaintiffs' Claims Against Old Mutual and Its Agents.**

Plaintiffs were members of a class-action against Old Mutual in the Central District of California. *See Negrete v. Fidelity and Guaranty Life Ins. Co.*, 2:05-cv-6837 (C.D. Cal. 2010). The settlement agreement from that action explicitly releases Old Mutual and its agents from all past and present actions arising from the sale of their products and advice given by their agents. Moreover, the Central District of California issued an order enjoining the Plaintiffs from bringing this suit against Old Mutual. Plaintiffs request voluntary dismissal of Old Mutual and related claims against Spichiger controlled by that injunction. No Defendant objects to this

---

[1] Old Mutual moved for an oral argument regarding this dismissal request (DE 75). The Court determined that the briefs were sufficient and that oral argument was not required before deciding. Accordingly, the Court denies that motion.

dismissal. Since these claims are barred by a prior release, the Court finds dismissal with prejudice proper and orders the same.

**C. *Res Judicata* Does Not Bar Plaintiff's Claims Against Defendant Spichiger Regarding Allianz Product Sales.**

Allianz won a jury verdict in a 2007 class action lawsuit against it in Minnesota federal district court. *Mooney v. Allianz Life Ins. Co. of N. Am.*, 244 F.R.D. 531 (D. Minn. 2007). That lawsuit alleged that Allianz advertising materials deceptively indicated that product purchase resulted in an immediate bonus, rather than a bonus that was available years later. *Id.* Plaintiffs do not dispute they were members of that class and they seek voluntary dismissal of Allianz. Spichiger argues that the underlying facts in *Mooney* are the same, and that *Mooney* precludes Plaintiffs' claims against him relating to Allianz product sales under the *res judicata* doctrine. He also argues that failure to dismiss Allianz-related claims against him will force him to implead Allianz or name it as a non-party defendant. Allianz replies that a possibility of a third-party claim does not rise to the level of "plain legal prejudice" needed to deny a voluntary motion for dismissal.

*Mooney* was decided in a federal court in Minnesota. Therefore, Minnesota's *res judicata* jurisprudence controls the preclusive effect of that decision. *See Taylor v. Sturgell*, 128 S.Ct. 2161, 2171 (2008). Minnesota *res judicata* standards preclude claims when, among other criteria, the earlier claim involved the same set of factual circumstances and evidence. *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004).

*Res judicata* should apply only after careful inquiry, as it "may govern grounds and defenses not previously litigated" and "blockades avenues that may lead to truth." *Brown v. Felsen*, 442 U.S. 127, 132 (1979). Minnesota courts decline to apply *res judicata* rigidly, and

examine if application would result in injustice for the party against whom it is asserted. *Hauschildt*, 686 N.W.2d at 837.

The Court finds that Spichiger's *res judicata* argument is unpersuasive. Plaintiffs claim Spichiger defrauded them and breached his fiduciary duty, and they also raise possible licensing violations. The evidence needed to prove such claims is substantially different from evidence of misleading marketing of a financial product's bonus features. Some evidence may be similar, but this does not merit the harshness of *res judicata* preclusion given Minnesota's application standards.

**D. Conclusion**

Federal Rule of Procedure 41(a)(2) provides that an "action may be dismissed . . . on terms the court considers proper." Here, the Court finds no prejudice to Spichiger by dismissing Plaintiff's claims against Allianz. Accordingly, the Court grants Plaintiffs' motion to dismiss (DE 62). The Court dismisses with prejudice Plaintiffs' claims against Old Mutual and their claims against Spichiger so far as they are enjoined by the Central District of California. Moreover, the Court dismisses with prejudice Plaintiff's claims against Allianz.

The Court denies Old Mutual's motion for a hearing (DE 75).

SO ORDERED on July 1, 2011.

   S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE